UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARGYLE BROWN SOLOMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-0253 (UNA) |
| ) | |
| FAMILY ELDERCARE, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* civil complaint (ECF No. 1). The Court will grant the application and dismiss the complaint without prejudice.

Plaintiff brings this action against entities, and legal representatives of entities, which allegedly denied proper medical care for her brother, and plaintiff demands an award of $5 million. It appears that she filed a lawsuit against these entities in a Texas court, and now that the Texas case has been dismissed with prejudice, plaintiff asks this Court to entertain it.

Plaintiff may not revive her Texas lawsuit by filing a civil action in this federal district court. This Court may not disregard or review the order dismissing the Texas lawsuit. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam) ("[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."). Furthermore, because plaintiff is not a lawyer, she cannot prosecute the claims of another individual in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); accord *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No.

1

03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).  Therefore, she may not represent her brother or pursue her brother's interests, and she fails to demonstrate that she has standing to pursue these claims on her own.  *See Lujan v. Defenders. of Wildlife*, 504 U.S. 555, 560 (1992) (requiring party invoking federal court jurisdiction to show she has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision).

    An Order is issued separately.

                                                     RUDOLPH CONTRERAS  
                                                     United States District Judge

DATE: February 20, 2025